ACCUSCAN, INC., Plaintiff–
Cross Appellant,

v.

XEROX CORPORATION,
Defendant–Appellant.

Nos. 00–1316, 00–1320, 00–1406.

United States Court of Appeals,
Federal Circuit.

DECIDED: Sept. 17, 2003.

Before CLEVENGER, Circuit Judge, PLAGER, Senior Circuit Judge, and SCHALL, Circuit Judge.

CLEVENGER, Circuit Judge.

Xerox Corporation ("Xerox") appealed the post-verdict judgment of the United States District Court for the Southern District of New York upholding a jury verdict of patent infringement in favor of AccuScan, Inc. ("AccuScan"). On May 31, 2001, this court issued a ruling which reversed the denial of Xerox's motion for a judgment as a matter of law ("JMOL") of noninfringement, affirmed the denial of Xerox's motion for JMOL of invalidity pursuant to 35 U.S.C. § 102(b), and dismissed as moot the remaining issues. *AccuScan, Inc. v. Xerox Corp.*, 18 Fed.Appx. 828, 18 Fed.Appx. 828 (Fed.Cir. May 31, 2003)

(nonprecedential). AccuScan petitioned the Supreme Court for review, and on June 3, 2002, the Court granted certiorari, vacated our decision, and remanded the case to this court for reconsideration in light of *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 122 S.Ct. 1831, 152 L.Ed.2d 944 (2002) (*"Festo VIII"*). *AccuScan, Inc. v. Xerox Corp.*, 535 U.S. 1109, 122 S.Ct. 2323, 153 L.Ed.2d 152 (2002).

Based on the Supreme Court's instruction, we have reconsidered this case and, once again, *reverse* the denial of Xerox's motion for JMOL of noninfringement, *affirm* the denial of Xerox's motion for JMOL of invalidity, and *dismiss* as moot the remaining issues.

I

■ Prosecution history estoppel stands "as a legal limitation on the doctrine of equivalents." *Warner–Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 30, 117 S.Ct. 1040, 137 L.Ed.2d 146 (1997). Since this restriction on the doctrine of equivalents applies "only where claims have been amended for a limited set of reasons," *id.* at 32, prosecution history estoppel does not apply to claim construction, literal infringement analysis, or when there is no relevant amendment during prosecution of the patent application. Applying that settled rule to this action, we hold that prosecution history estoppel was not implicated in this case and that the holding of *Festo VIII* does not affect this instant appeal.

A

In our original opinion, our discussion of prosecution history mainly focused on the application of the doctrine of prosecution disclaimer, rather than prosecution history estoppel. *AccuScan*, 18 Fed.Appx. at 830–34. As we recently explained, "[t]he doc-

trine of prosecution disclaimer is well established in Supreme Court precedent, precluding patentees from recapturing through claim interpretation specific meanings disclaimed during prosecution." *Omega Eng'g, Inc. v. Raytek Corp.*, 334 F.3d 1314, 1323 (Fed.Cir.2003). Contrary to prosecution history estoppel which limits the doctrine of equivalents, *Warner–Jenkinson*, 520 U.S. at 30, prosecution disclaimer applies to the determination of literal infringement by excluding from the claim construction any claim scope that has been clearly and unmistakably disavowed during prosecution. *See Omega*, 334 F.3d at 1323–26.

Applying prosecution disclaimer to our interpretation of AccuScan's claims in suit, we ruled that the proper construction of claims 1 and 17 excluded anything other than the use of division to perform the claimed mathematical calculation. *AccuScan*, 18 Fed.Appx. at 832. As our original opinion explained, the patentee "explicitly disclaimed coverage of any device performing the mathematical calculation yielding VO by something other than a divide circuit," when it attempted to distinguish the claimed invention from the prior art underlying the obviousness rejection. *Id.* In other words, during prosecution, the patentee had proffered arguments that clearly and unmistakably disclaimed anything other than the use of division to perform the mathematical calculation. *See id.* Given that claim construction, we held that the accused DocuTech system and 5775 copier could not literally infringe the asserted claims because they did not perform the calculation by using division; the DocuTech system used multiplication of a reciprocal rather than a divide circuit, while the 5775 copier performed the calculation by subtracting logarithmic values. *Id.*

We further determined that, as compelled by the doctrine of prosecution disclaimer, the claims in suit required continuous storage of the $V_w$ value in its pure form and continuous combining of this value. *Id.* at 833–34. Indeed, during prosecution, the patentee had distinguished the invention over the prior art, including the Krallinger reference, by emphasizing the importance of storing a sample of the white signal. *Id.* at 833. The patentee also repeatedly insisted during prosecution that "a distinguishing feature of the '144 patent is the continual storage and continuous use of the separately stored black and white samples throughout the scanning of an entire document." *Id.* Given the continuous, clear and unmistakable nature of these disavowals during prosecution, we concluded that "[w]hen interpreted in light of these statements, both claim 1 and claim 17 require continuous 'storing' of the $V_w$ value in its pure form, and continuous 'combining' of this value throughout the scanning of the document." *Id.* Since the accused Xerox devices only stored the samples temporarily, rather than continuously, we held that there was no literal infringement as a matter of law. *Id.* at 833–34.

### B

Until that point, our original opinion only considered literal infringement, thereby neither implicating prosecution history estoppel nor *Festo VIII*. But having concluded that there was no literal infringement as a matter of law, we then considered whether the accused devices might nonetheless infringe under the doctrine of equivalents. *Id.* at 834. We answered that inquiry in the negative, by stating that "[f]or purposes of infringement under the doctrine of equivalents, the patentee is also bound by the clear and unmistakable surrender of the structure employed by Xerox." *Id.*

■ That conclusion was not based on any narrowing amendment giving rise to prosecution history estoppel.[1] Rather, that ruling was necessitated by the well-settled doctrine of argument-based estoppel, which arises from the patentee's representations to the Patent and Trademark Office during prosecution. *See Tex. Instruments Inc. v. United States Int'l Trade Comm'n,* 988 F.2d 1165, 1174–75 (Fed.Cir.1993). Indeed, our ruling unequivocally referred to a "clear and unmistakable surrender," which stands as the legal standard for argument-based estoppel. *Id.* In noting the patentee's "clear and unmistakable surrender" and ruling that there was no infringement by equivalents, we simply gave effect to the conclusion necessarily flowing from the previous discussion of the proper claim construction: because the clear and unmistakable standard that applies to prosecution disclaimer "is the same standard applicable, in the context of the doctrine of equivalents, to the doctrine of argument-based estoppel," *Omega,* 334 F.3d at 1326 n. 1, a patentee cannot recapture through the doctrine of equivalents subject matter already precluded by the doctrine of prosecution disclaimer. *See Cordis Corp. v. Medtronic AVE, Inc.,* 339 F.3d 1352, 1362–1363, slip op. at 17 (Fed.Cir.2003). For those reasons, we concluded that "none of the products in the four accused Xerox product lines may be held to infringe either of the asserted claims of the '144 patent either literally or under the doctrine of equivalents." *AccuScan,* 18 Fed. Appx. at 834.

## II

As mandated by the Supreme Court, we have reconsidered our original decision in this case in light of *Festo VIII.* Based on this reconsideration and as explained above, we again hold that none of the accused products infringe the asserted claims either literally or under the doctrine of equivalents, and we therefore reverse the district court's denial of Xerox's motion for judgment as a matter of law of noninfringement. For the reasons explained in our original opinion, we also hold that the patent in suit is not anticipated or invalid under the on-sale bar.

---

1. Our original opinion's citation to the en banc *Festo* decision merely aimed to provide a background of the various estoppels that may arise from actions or arguments made by the patentee during prosecution. *See AccuScan,* 18 Fed.Appx. at 834.